# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**EDGAR ABLAN, ET AL.,**
*Plaintiffs*

**CHRISTINA BANKER, TODD BANKER**
*Plaintiffs-Appellees*

v.

**UNITED STATES,**
*Defendant-Appellant*

2023-1363

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01409-CFL, 1:17-cv-09001-CFL, Senior Judge Charles F. Lettow.

**SANDRA ABDOU, ET AL.,**
*Plaintiffs*

**ELIZABETH BURNHAM**
*Plaintiff-Appellee*

v.

**UNITED STATES,**
*Defendant-Appellant*

2023-1365

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01786-CFL, 1:17-cv-09001-CFL, Senior Judge Charles F. Lettow.

**CHRISTINA MICU, AND ALL OTHERS SIMILARLY SITUATED,
SCOTT HOLLAND, CATHERINE POPOVICI, KULWANT SIDHU,**
*Plaintiffs-Cross-Appellants*

**ELISIO SOARES, SANDRA GARZA RODRIGUEZ,
ERICH SCHROEDER, MARINA AGEYEVA,
GLENN PETERS, VIRGINIA HOLCOMB,**
*Plaintiffs*

v.

**UNITED STATES,**
*Defendant-Appellant*

———————————

2023-1366, 2023-1412

———————————

Appeals from the United States Court of Federal Claims in No. 1:17-cv-01277-CFL, 1:17-cv-09001-CFL, Senior Judge Charles F. Lettow.

———————————

**REPLY IN SUPPORT OF MOTION FOR
30-DAY EXTENSION OF TIME TO FILE
THE OPENING BRIEF FOR THE UNITED STATES**

———————————

BRIAN C. TOTH
*Attorney*
Appellate Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 305-0639
brian.toth@usdoj.gov

Some of the Plaintiffs-Appellees filed an opposition to the United States' motion for a 30-day extension of time for filing the opening brief on appeal, now due May 12, 2023, in this important Fifth Amendment takings-by-flooding case. The underlying claims arise from the U.S. Army Corps of Engineers' operation of the Buffalo Bayou and Tributaries Project ("Project"), a federal flood control project near Houston, Texas, in response to unprecedented rainfall and runoff related to Hurricane Harvey. The current appeals concern a judgment holding the United States liable to pay compensation to the owners of six bellwether properties upstream of the Project. Thousands of claims are still pending, including for upstream, non-bellwether plaintiffs as well as downstream property owners, whose proceedings before the U.S. Court of Federal Claims are ongoing. The government originally obtained a 60-day extension of time and now seeks another 30 days. The opposition filed by some of the Plaintiffs argues that having waited more than five years for a compensation award, another 30 days is too much delay. That argument should be rejected for two reasons.

First, the additional time that the government seeks here is not prejudicial given the length of time that the underlying case has already taken to adjudicate. As explained in the United States' motion, additional time is needed both for completing the process of obtaining authorization from the Solicitor General to pursue an appeal and for preparing an opening brief for the United States, if

authorized, by government counsel in light of several other assigned obligations. The additional time sought serves the important public function of allowing the government to consider how best to present the issues for consideration on appeal so as to reach the correct result while making most efficient use of the Court's time and resources. *See, e.g.*, *United States v. Mendoza*, 464 U.S. 154, 160-61 (1984) (discussing the government's process for determining whether to appeal from adverse decisions); *accord United States v. Providence Journal Co.*, 485 U.S. 693, 702-703 n.7 (1988) (commending process for deciding whether to seek further review). That additional time is especially important in cases of considerable public significance such as this one. *See id.* As explained by the motion (pp. 3-6), the authorization process and brief preparation cannot be completed by the current due date.

Second, there is no monetary prejudice to plaintiffs should they prevail. An award of just compensation under the Fifth Amendment includes prejudgment interest as compensation for delay in receiving payment. *See Jacobs v. United States*, 290 U.S. 13, 17 (1933). Such interest was included in the trial court's award here. *See In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 162 Fed. Cl. 495, 534 (2022).

For these reasons and those in the original motion, the time to file the opening brief for the United States should be extended to June 12, 2023.

Respectfully submitted,

*/s/ Brian C. Toth*
BRIAN C. TOTH
*Attorney*
Appellate Section
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Defendant/Appellant*

May 9, 2023
90-1-23-15153

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains 474 words, or

   ☐ this brief uses a monospaced typeface and contains ____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font, or

   ☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

/s/ Brian C. Toth

Attorney for  Defendant-Appellant the United States

Dated:  May 9, 2023